IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02684-WJM-BNB

CHRIS CHRISTOPHER,

Plaintiff,

v.

FIDELITY BROKERAGE SERVICES LLC,
HEWLETT-PACKARD COMPANY EXCESS BENEFIT RETIREMENT PLAN, and
HEWLETT-PACKARD COMPANY EXECUTIVE DEFERRED COMPENSATION
PROGRAM,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## AND ORDER
_____

This matter arises on plaintiff's **Motion for Stay** [Doc. # 7, filed 1/4/2011] (the

"Motion").  In addition, the case is set for a scheduling conference on February 22, 2011, at 8:30

a.m.

In support of the stay, the plaintiff states:

> 2.  Plaintiff's causes of action are based on allegations of
> misconduct in the administration of employee benefits plans, at
> least one of which is subject to ERISA.
>
> 3.  Plaintiff is actively pursuing his administrative remedies
> pursuant to the terms of the plans.  In an abundance of caution,
> however, Plaintiff commenced the within action to preserve any
> common lay causes of action under which he might be entitled to
> relief.
>
> 4.  Because the administrative process is ongoing, and Plaintiff is
> hopeful that process will resolve the within issues, Plaintiff has not
> served Defendants or otherwise furthered this litigation beyond the
> filing of the complaint.

Motion [Doc. # 7] at ¶¶2-4. In addition, the plaintiff reports that the administrative procedures may take approximately four additional months.

Local rule of practice 41.2, D.C.COLO.LCivR, provides that "[a] district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause." This case appears to me to be appropriate for administrative closure until such time (if ever) as the plaintiff intends to pursue it.

I respectfully RECOMMEND that the Motion [Doc. # 7] be construed as seeking administrative closure of the case; that it be GRANTED; and that this action be administratively closed pursuant to D.C.COLO.LCiv R 41.2, subject to being reopened for good cause.

Further, IT IS ORDERED:

(1) The scheduling conference set for February 22, 2011, at 8:30 a.m., is VACATED; and

(2) Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 9, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge